UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PHIL GARBER,

        Plaintiff,

v.                                                                 Case No. 1:06-CV-646

SHINER ENTERPRISES, INC.                       HON. GORDON J. QUIST

        Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

Pursuant to an Opinion and a separate Order entered on August 10, 2007, the Court granted Defendant's unopposed motions for summary judgment and Rule 11 sanctions. The Court also directed Defendant to file an affidavit or verified statement setting forth defense counsel's hourly rate, the number of hours incurred, and a description of the work performed. The Court also allowed Plaintiff and his counsel an opportunity to file objections. Thereafter, Defendant's counsel filed an affidavit setting forth the information concerning his fees, and Plaintiff filed an objection. In addition, by Order dated August 28, 2007, the Court denied Plaintiff's motion to alter or amend the August 10, 2007, Order. Plaintiff filed a notice of appeal on September 10, 2007.[1]

Defendant has submitted an affidavit from counsel, attorney E. Michael Morris, which includes supporting documentation. Defendant seeks an award of fees and costs in the total amount

---

[1] The notice of appeal does not deprive the Court of jurisdiction to determine the amount of the attorney fee award because the issue of attorney fees is collateral to the main cause of action. *See AAA Venetian Blind Sales, Inc. v. Beaulieu of Am., Inc.*, Nos. 96-1108, 96-1844, 1997 WL 476517, at *4 (6th Cir. Aug. 9, 1997) ("Attorney fees are always collateral to the main cause of action.").

of $51,460.92, consisting of $47,214.60 in fees and $4,246.32 in costs. Of the total requested fees, Morris performed 154.6 hours of work at the rate of $300 per hour and SDS, apparently a paralegal, performed 8 hours of work at the rate of $85 per hour.

In considering a reasonable award of attorneys fees as sanctions under Rule 11, a district court may employ the "lodestar" approach. *See Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 221 (6th Cir. 1993). The "lodestar figure" is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)). Hours that are duplicative, excessive, or otherwise unnecessary should be excluded from the initial fee calculation. *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939-40. After determining the loadstar figure, a court should determine whether the fee should be adjusted in light of the results obtained. *Id.* at 434, 103 S. Ct. at 1940. The party seeking an award of fees has the burden of proving that his request is reasonable. *See Perry v. Keulian*, No. Civ. A. 96-1374, 1997 WL 459971, at *1 (E.D. Pa. July 25, 1997) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).

The Court first considers the issue of a reasonable hourly rate. With regard to the hourly rate, the Supreme Court has held that the rates to be used in calculating the lodestar are those rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 & n.11, 104 S. Ct. 1541, 1547 & n.11 (1984). The reasonable hourly rate in the community may be established through proof of rates charged in the community under similar circumstances as well as opinion evidence of reasonable rates. *See United States ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*,

No. 6:04-CV-93-ORL-19DABC, 2007 WL 1601747, at *3 (M.D. Fla. June 1, 2007). Other relevant sources include the attorney's actual billing rate and fee awards from prior cases. *See Payton v. New Century Mortgage Corp.*, Nos. 03 C 333, 03 C 703, 2004 WL 524693, at *2 (N.D. Ill. Mar. 11, 2004). Finally, a court may determine a reasonable rate based upon its own expertise and judgment. *See Educ. Career Dev., Inc.*, 2007 WL 1601747, at *6.

As mentioned above, attorney Morris states that his rate is $300 per hour and that the paralegal's rate is $85 per hour. Morris supports his hourly rate with the State Bar of Michigan's 2003 "Economics of Law Practice Survey," which was released in early 2004. That survey lists rates by range and percentile based upon a number of factors, including firm size, years in practice, field of practice, legal classification, and geographic location. Morris states that his rate is at or near the 95th percentile of the applicable rates in those categories, although it is unclear why he chose the 95th percentile rather than, for example, the mean or median rates.[2] In his objection, Plaintiff states that $300 per hour is unreasonable in light of the nature of the case, although Plaintiff fails to offer any evidence, including his own counsel's rate, of what a reasonable fee might be.

Based upon the information available to it, the Court finds that the $300 per hour rate is reasonable. First, it appears that the rate is attorney Morris' regular billing rate, which is some evidence of reasonableness. Second, while the rate does appear to be somewhat on the high side when compared to the rates disclosed in the 2003 survey, it bears noting that the survey is four years old and attorney rates have likely increased during that period. Moreover, the requested rate is

---

[2] The 95th percentile does not mean that 95 percent of the lawyers charge the particular rate. Rather, it means that 95 percent of the values lie at or below the particular rate. In other words, with regard to the years in practice category, for example, the $290 hourly rate at the 95th percentile means that only 5 percent of the lawyers in the category for 15-19 years in practice charge more than $290 per hour.

within the realm, although not at the precise center, of reasonableness. Finally, based upon its own experience and judgment, including a fee award that it made in a recent case, the Court cannot say that $300 is unreasonable. The Court further concludes that the rate of $85 per hour for paralegal work summarizing Plaintiff's deposition is also reasonable.

Turning to the hours expended on the case, the Court notes that Plaintiff makes two rather general objections. First, he contends that the amount sought is excessive given that the two depositions, the facilitative mediation, and the scheduling conference were the only "appearances" by counsel. Second, he contends that given counsel's experience, the amount of time put into the preparation and investigation of the motions was excessive. Plaintiff provides no particulars as to what hours or work he contends was excessive or unnecessary.

The Court has reviewed in detail attorney Morris' billing records and finds that, in general, the hours spent were reasonable. However, the Court does find the hours spent on the motions for summary judgment and Rule 11 sanctions were excessive. Based upon its review of the billing records, the Court determines that attorney Morris spent approximately 70.8 hours of time preparing both motions, including the supporting affidavits and exhibits.[3] Although some of this time might have been incurred on tasks unrelated to the preparation of the motions, the Court's difficulty in separating out that time arises from counsel's use of "block billing," or lumping the time spent on several different tasks together, for several time entries. *See Megavail, Inc. v. Illinois Union Ins. Co.*, No. 05-1374-AS, 2007 WL 3232605,at *5 (D. Or. Nov. 1, 2007) ("Without question, block billing makes it more difficult to determine how much time was spent on particular activities.") Even as

---

[3]The Court considered the following entries as being spent on or in connection with the motions, all in 2007: (2/21 (4.2); 2/25 (6.2); 3/4 (3.2); 3/5 (3.2); 3/6 (2.2); 3/7 (4.2); 3/8 (4.5) 3/9-10 (8.5); 3/12 (2.3); 3/13 (4.2); 3/17 (3.8); 3/18 (1.0); 3/19 (.6); 3/20 (1.5); 3/21 (6.0); 3/22 (1.5); 3/23 (2.6); 4/3 (.5); 4/4 (1.0); 4/17 (2.0); 4/18 (1/5); 4/19 (1/5); 4/20 (1.2); 4/21 (1.0); 4/24 (.3); 4/25 (1.5); and 4/26 (.6)).

to time spent on the motions, counsel did not always segregate time spent on the summary judgment motion from time spent on the Rule 11 motion. Accordingly, the Court considers all of this time as spent on the two motions.

Given the nature of the case, the Court believes that a total of 50 hours would have been sufficient time in which to prepare both motions, including the affidavits and accompanying exhibits. While it is true that Plaintiff was still asserting several different claims, each claim did not require an extensive analysis, especially in light of Plaintiff's claim-defeating admissions in his deposition. Similarly, given the detailed analysis and information set forth in the summary judgment brief, the Rule 11 motion did not require substantial briefing. While counsel is commended for being thorough, in making this award the Court is guided by the principle that sanctions are limited to what is sufficient to deter repetition of similar conduct in the future, *see* Fed. R. Civ. P. 11(c), and that "'a reasonable attorney's fee' does not necessarily mean actual legal expenses incurred." *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). Accordingly, the Court will reduce attorney Morris' hours relating to the motions by 20.8.

In addition to the motions, the Court will disallow 2.1 hours relating to Defendant's supplemental brief regarding the Sixth Circuit's decision in *Kleiber v. Honda of America Mfg., Inc.*, 485 F.3d 862 (6th Cir. 2007), issued after Defendant filed its brief in support of its motion for summary judgment. While reaffirming various well-established principles relating to the ADA, *Kleiber* did not decide any particular issue of law applicable to this case and was not of significance to the Court's decision. Moreover, Defendant filed its supplemental brief after the time for Plaintiff to respond to the motion for summary judgment had passed, and there was no real indication that Plaintiff actually intended to oppose the motion. Thus, the Court will allow a total of 131.7 hours for attorney Morris.

Finally, although Plaintiff has not objected to Defendant's requested expenses, the Court will disallow the requested $25.00 for the Federal Bar Association fee, which was not required for the case. In all other respects, the requested expenses appear reasonable.

In sum, the Court will award Defendant attorney fees in the amount of $39,510 for the work performed by attorney Morris ($300/hr. x 131.7 hours) and $680 for the paralegal work ($85/hr. x 8), which it deems to be an appropriate Rule 11 award under the circumstances of this case. The Court will also award expenses in the amount of $4221.32. Therefore,

**IT IS HEREBY ORDERED** that Defendant is awarded $40,190.00 in attorney fees and $4221.32 in expenses as Rule 11 sanctions.


Dated:  December 21, 2007                                      /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE